# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE QUARTER HOUSE OWNERS' ASSOCIATION, INC. and THE QUARTER HOUSE I OWNERS' ASSOCIATION, INC.** | **CIVIL ACTION NO:** |
| | **DIVISION/SECTION:** |
| **VERSUS** | **JUDGE:** |
| **CRUM & FORSTER SPECIALTY INSURANCE COMPANY** | **MAG. JUDGE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, The Quarter House Owners' Association, Inc., and The Quarter House I Owners' Association, Inc., which for purposes of seeking a Declaratory Judgment pursuant 28 U.S.C. § 2201, respectfully represent the following:

I.

Plaintiffs, The Quarter House Owners' Association, Inc., and The Quarter House I Owners' Association, Inc. (hereinafter "Quarter House"), are Louisiana companies authorized to conduct business in the State of Louisiana.

II.

Made defendant herein is:

1. **CRUM & FORSTER SPECIALTY INSURANCE COMPANY**, a foreign insurance company authorized to do and doing business in the State of Louisiana.

III.

This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because it is facially

apparent from the allegations, the nature of the claims asserted and the type of damages sought under Louisiana law, that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

IV.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of events or omissions giving rise to the claim occurred within this judicial district.

V.

Quarter House has been served with a Petition for Damages filed on February 26, 2019 by Lisa Dahnke, individually and as the personal representative of Bruce Dahnke, Brent Dahnke, and Bridget Zoetmulder (collectively referred to herein as "the Dahnke Suit" and attached as Exhibit "A") in the United States District Court for the Eastern District of Louisiana, bearing Docket Number 2:19-cv-01773, against Quarter House.

VI.

In the Dahnke Suit, Lisa Dahnke and the Estate, are seeking damages against Quarter House, in connection with allegations of negligence and liability for the wrongful death of the decedent, Bruce Dahnke.

VII.

More particularly the Dahnke Suit alleges that decedent, Bruce Dahnke traveled to New Orleans, Louisiana on September 18, 2018, and rented a room from The Quarter House, from approximately September 18, 2018 to September 20, 2018.

VIII.

The Dahnke Suit alleges that during his brief stay at Quarter House, Bruce Dahnke contracted Legionnaires disease "as a result of decedent's proximity to and use of the pool and/or hot tub". As a result of the Legionellae Pneumonia, Bruce Dahnke went into septic shock, acute respiratory distress, and ultimately passed away.

IX.

The Dahnke Suit further alleges the pool and hot tub on the premise of Quarter House were negligently and improperly maintained. See Exhibit "A" at page 4.

X.

The Quarter House swimming pool and hot tub are both located outdoors, outside of any building or structure, as part of an exterior courtyard on the premises.

XI.

Crum & Forster issued to Quarter House a commercial general liability insurance policy, Policy No. BAK-38302-1, which was in effect during the relevant dates of loss alleged in the Dahnke Suit; and said Policy provides coverages for both indemnity and defense against the claims asserted in the Dahnke Suit. (Hereinafter referred to as "the Policy" and attached as Exhibit "B").

XII.

As a result of the allegations and damages asserted in the Dahnke Suit, Quarter House demands and will continue to demand indemnity, defense, and insurance coverage from Crum & Forster under the Policy.

XIII.

The Policy provides the following commercial liability coverage limits of: each occurrence limit: $1 million; general aggregate: $2 million… (Attached hereto as Exhibit "B").

XIV.

The Policy provides the following:

**SECTION I – COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages… We may, at our discretion, investigate any "occurrence" and settle and claim or "suit" that may result. But:…
   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (2) The "bodily injury" or "property damage" occurs during the policy period;

XV.

Crum & Forster asserts in their March 7, 2019 "Disclaimer of Coverage" Letter (Attached hereto as Exhibit "C") that there is no coverage under the Policy for neither defense, nor indemnity, for any of the allegations for damages sought against Quarter House in the Dahnke Suit.

XVI.

As a result of Crum & Forster's failure to meet its basic duty to defend, Quarter House has incurred and will continue to incur substantial damages stemming from the Dahnke Suit, including the cost of retaining a defense as well as potential future liability resulting from the Dahnke Suit.

XVII.

Crumb and Forster's breach of its contractual and fiduciary obligations to defend and indemnify Quarter House constitutes Bad Faith under Louisiana Law and a violation of La. R.S. 22:1973; and Crum and Foster may be subjected to petalites of two times the damages incurred by Quarter House as a result of their breach, in failing to meet of their affirmative duties to defend and indemnify.

XVIII.

Therefore, under the Federal Declaratory Judgment Act, Quarter House respectfully submits that this Honorable Court should resolve any and all coverage issues prior to any judgment being rendered against Quarter House.

**WHEREFORE**, Quarter House prays that this Complaint for Declaratory Judgment be filed, and that defendants Crum & Forster, be served and cited to appear and answer same, and that after all legal delay and due proceedings had, there be a judgment herein, in favor of Quarter House, and that this Honorable Court declare that Crum & Forster Policy No. BAK-38302-1 does afford insurance coverage for the matters alleged in the Dahnke Suit and the claims asserted against Quarter House, and that indemnity, defense, and insurance coverages are owed by Crum & Forster to Quarter House with respect to the attached Policy, and Crum and Forster acted in Bad Faith failing to meet its duties to defend and indemnify Quarter House, and for any and all relief as equity and the justice of this cause may require.

Respectfully submitted,

**KIRK P. DORSEY, ATTOREY AT LAW**

  */s/ Kirk P. Dorsey*
KIRK P. DORSEY (#29156)
3636 N. Causeway Boulevard
Suite 104
Metairie, Louisiana 70002
Telephone:   (504) 593-0200
Facsimile:   (866) 220-9105
Email:        kirk@kirkpdorsey.com
***Counsel for Quarter House***